**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Shawn Gadson, Mytrends, Inc., and Milosavljevich International LLC, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Stelle Corporation and Stefan Radosavljevic,<br><br>Defendants. | NO. 1:23-CV-02977<br><br>Judge Edmond E. Chang |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Shawn Gadson, Mytrends, Inc., and Milosavljevich International LLC bring this proposed class action on behalf of semi-truck drivers who were allegedly paid less than their contracted rate by Stelle Corporation and its president, Stefan Radosavljevic. R. 30, Third Am. Compl. ¶¶ 1–3.[1] The Plaintiffs move for default liability against Stelle Corporation as a sanction for refusing to present its two managing agents for depositions. R. 138, Pls.' Mot. for Default. This is a significant request. But because Stelle indeed has acted in bad faith by failing to present the managing agents, and Stelle has committed numerous other discovery violations, the motion is granted. Default is entered against Stelle Corporation on the issue of liability.

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number. The Court has subject matter jurisdiction over the Plaintiffs' federal claim under 49 U.S.C. § 14704(a) and 28 U.S.C. § 1331, and supplemental jurisdiction over their state law claims under 28 U.S.C. § 1367(a).

## I. Background

The named plaintiffs in this suit are an individual truck driver and small companies formed by truck drivers who own and operate their vehicles. Third Am. Compl. ¶¶ 4–6. They contracted with Stelle Corporation, a shipping company, to haul loads under Stelle's carrier license. *Id.* ¶¶ 1, 4–7. The drivers were paid a fixed percentage of the gross revenue for each load they hauled. *Id.* ¶¶ 1–3. But they allege that Stelle lied about the revenue it received and thus paid the drivers less than the contracted rate, which is an alleged violation of (among other things) the Truth in Leasing Act, 49 U.S.C. § 14704(a)(2). *Id.* The named plaintiffs bring this class action on behalf of truck drivers that contracted with Stelle and were paid based on a percentage of the gross revenue that Stelle received. *Id.* ¶¶ 1, 48.

The current motion for default comes after a series of discovery disputes and discovery decisions. To start, in November 2023, the Plaintiffs filed a motion to compel because Stelle had produced incomplete answers to their interrogatories and document requests. R. 28, Pls.' First Mot. ¶¶ 11–16. The previously assigned judge granted the motion to compel against Stelle. R. 31, 11/16/2023 Minute Order. A few months later, the Plaintiffs notified the Court that Stelle still had not produced the documents as ordered, nor had Stelle responded to the Plaintiffs' second set of discovery requests. R. 42, Pls.' Second Mot. ¶ 16. So the Plaintiffs moved for monetary sanctions and an order requiring Stelle to produce the missing documents. *Id.* ¶¶ 17–19. The previously assigned judge granted the Plaintiffs' motion. R. 49, 03/07/2024 Minute Order.

In July 2024, the Court ordered Stelle to produce all overdue documents and file an affidavit attesting that production was complete. R. 59, 07/12/2024 Minute Order. But Stelle did not file an affidavit. A few months later, the Plaintiffs moved for additional monetary sanctions. R. 66, Pls.' Third Mot. According to the Plaintiffs, Stelle had started to produce some documents on a rolling basis, but had not "even begun producing certain categories of documents," and had not identified the date by when production would be complete. *Id.* at 3. The magistrate judge—to whom discovery had been referred, *see* R. 62, 09/12/2024 Minute Order—continued the motion based on the parties' joint request for an extension of fact discovery. R. 73, 10/23/2024 Minute Order. But at the motion hearing, the magistrate judge noted that she had already warned Stelle about its noncompliance with discovery requests. R. 138-1, Pls.' Exh. A, 10/23/2024 Tr. at 4:5–11. She warned Stelle that if it did not substantially comply with its discovery obligations, she would impose sanctions. *Id.*

In February 2025, the Plaintiffs again moved to compel. R. 82, Pls.' Fourth Mot. The Plaintiffs explained that Stelle had produced "a scattered collection of e-mails," mostly from Radosavljevic, and "fuel price data from 2019–2022." *Id.* ¶¶ 3–4. But Stelle still had "not produced a comprehensive set of driver settlement statements (also known as driver pay statements), rate confirmation sheets that reveal the prices of loads, and driver independent contractor agreements." *Id.* ¶ 4. The Plaintiffs also noted that there were "many additional categories of documents that the Court previously ordered produced and that are still outstanding." *Id.* ¶ 9. The magistrate judge granted the Plaintiffs' motion in part, ordering Stelle to either conduct

its own search of its electronic documents or provide the dataset to the Plaintiffs to search themselves. R. 86, 03/12/2025 Minute Order.

In May 2025, the Plaintiffs filed a renewed motion to compel and for monetary sanctions. R. 91, Pls.' Fifth Mot. The Plaintiffs described how Stelle had still not produced any of the emails requested in their prior motion to compel. *Id.* ¶ 9. And the Plaintiffs again noted that there were other categories of discovery that had not yet been produced. *Id.* ¶ 10. The magistrate judge continued the motion, ordered Stelle to fully comply with its discovery obligations within a few weeks, and set a status hearing to check on Stelle's production progress. R. 97, 05/21/2025 Minute Order. After an extension, Stelle produced a large number of documents the evening before the status hearing. *See* R. 100, 06/03/2025 Minute Order; R. 101, 06/11/2025 Minute Order. The magistrate judge extended the fact discovery deadline, and discovery continued. 06/11/2025 Minute Order; R. 106, 08/13/2025 Minute Order.

In July 2025, plaintiffs' counsel deposed Radosavljevic. *See* R. 108-2, Pls.' Sixth Mot. Exh. B, First Radosavljevic Dep. Throughout the deposition, Radosavljevic refused to answer questions based on relevance objections. *See, e.g.*, *id.* at 23:4–24:8, 24:20–25:18, 97:12–98:2, 164:10–166:3, 167:6–22. Radosavljevic also repeatedly testified that he did not know the answer to questions about Stelle's finances or dispatch operations because two other individuals—Dejan Stojicic and Vic Arandjelovic—handled those aspects of the business. *See, e.g.*, *id.* at 53:16–54:1, 55:10–18, 56:18–24, 69:12–24, 82:1–13, 109:13–24. So in September 2025, the Plaintiffs moved to compel the depositions of those two individuals, arguing that they were Stelle's "managing

agents" under Civil Rule 30(b)(1). R. 107, Pls.' Sixth Mot. ¶¶ 12–16. The magistrate judge continued the motion, ordering the Plaintiffs to depose Radosavljevic under Civil Rule 30(b)(6) and noting that the Plaintiffs could reraise the motion if they were unable to obtain the information that they sought. R. 114, 09/17/2025 Minute Order.

A few days later, the Plaintiffs filed an additional motion to compel Stelle to produce updated driver-pay and load-pricing data because its previous disclosures included data through only mid-2024. R. 115, Pls.' Seventh Mot. ¶¶ 2–3. The magistrate judge granted the motion in part and ordered Stelle to produce the documents. R. 121, 10/15/2025 Minute Order.

In October 2025, plaintiffs' counsel took a Rule 30(b)(6) deposition of Radosavljevic. R. 138-5, Pls.' Exh. E, Second Radosavljevic Dep. Radosavljevic again testified—despite serving as the Rule 30(b)(6) deponent—that he did not know the answer to many of counsel's questions because Stojicic and Arandjelovic handled the finances and dispatch operations, respectively. *See, e.g.*, *id.* at 20:17–19, 96:3–13, 114:18–20, 115:19–20, 201:3–15. So in the next month, the Plaintiffs moved to compel Stelle to provide complete 30(b)(6) testimony, to compel the depositions of Stojicic and Arandjelovic, and for monetary sanctions. R. 123, Pls.' Eighth Mot. ¶ 37; R. 124, Pls.' Ninth Mot. ¶¶ 18, 29. The magistrate judge granted the motions in part, finding that Stojicic and Arandjelovic were Stelle's managing agents and ordering Stelle to produce them for depositions or face sanctions. R. 131, 12/03/2025 Minute Order. The judge also ordered Stelle to produce a fully prepared 30(b)(6) deponent for deposition. *Id.*

Stojicic and Arandjelovic were scheduled to be deposed in March 2025. R. 138-6, Pls.' Exh. F, Notices of Video Dep. But the day before the first deposition, defense counsel emailed plaintiffs' counsel to say that the two would not be appearing. R. 138-7, Pls.' Exh. G, Dep. Email. Defense counsel noted that Stojicic and Arandjelovic were cooperating up until that day, and he did not know what changed their minds. *Id.* Defense counsel explained to Stojicic that "it's a court order, but that did not sway him." *Id.* A few days later, plaintiffs' counsel took a second 30(b)(6) deposition of Radosavljevic, who said that he could not answer questions about various documents produced in discovery because he did not create or use them. R. 148-1, Pls.' Suppl. Mot. for Default Exh. M, Third Radosavljevic Dep. at 139:2–5, 140:3–10, 189:1–10. The Plaintiffs then brought this motion for a sanction of default. Pls.' Mot. for Default.

## II. Analysis

Civil Rule 37 permits the Court to enter default as a sanction when a party or its "managing agent" fails to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(vi). "This ultimate sanction is reserved for cases in which the offending party has demonstrated wilfulness, bad faith, or fault." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000). "Absent these circumstances, the careful exercise of judicial discretion requires that a district court consider less severe sanctions and explain, where not obvious, their inadequacy for promoting the interests of justice." *Id.* (cleaned up).[2]

[2]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

Here, the Plaintiffs move for default because Stelle has refused to comply with the magistrate judge's order to present Stojicic and Arandjelovic for depositions. Pls.' Mot. for Default ¶ 22. Stelle's primary response is that it cannot be held responsible for the actions of non-party witnesses whom it does not control. R. 150, Defs.' Resp. Br. at 4–5. But Stelle's argument ignores the magistrate judge's finding—a finding with which this Court agrees—that Stojicic and Arandjelovic are Stelle's managing agents.

Under Civil Rule 30(b)(1) and 30(b)(6), a party may compel a corporation's "managing agent" to give testimony pursuant to a notice of deposition. Fed. R. Civ. P. 30(b)(1), (6). The party seeking the deposition bears the burden of establishing that someone is a managing agent. *Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.*, 242 F.R.D. 470, 476 (N.D. Ill. 2007). Courts consider five factors to determine whether an individual is a managing agent. Not surprisingly, those factors focus on how much responsibility the putative managing agent has for corporate matters:

> (1) whether he has general powers allowing him to exercise judgment and discretion in corporate matters; (2) whether he can be relied on to testify, at the corporation's request, in response to the discovery proponent's demands; (3) whether there are any other employees who have more authority than the individual in regard to information concerning the subject matter at issue in the case; (4) his general responsibilities respecting the matters involved in this litigation; and (5) whether he can be expected to identify with the interests of the corporation.

*Id.*

Applying this law, the magistrate judge concluded that three of the five factors weigh in favor of finding that Stojicic and Arandjelovic are Stelle's managing agents.

12/03/2025 Minute Order. Stelle waived any appeal of the magistrate judge's order because it did not file an objection within 14 days, as required by Civil Rule 72(a). *See Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 n.1 (7th Cir. 2012). So Stelle is stuck with this finding: for the purposes of this suit, Stojicic and Arandjelovic are its managing agents.

Even if Stelle could raise an objection to that finding, the record supports the magistrate judge's conclusion. In his depositions, Radosavjlevic described how Stojicic and Arandjelovic controlled Stelle's finances and dispatch operations, respectively. *See, e.g.*, First Radosavljevic Dep. at 82:1–13, 111:7–15; Second Radosavljevic Dep. at 20:17–19, 96:3–13, 97:2–7, 98:12–24, 99:18–100:13, 114:18–20, 115:19–20, 201:3–15, 235:2–7. For instance, Stojicic calculates deductions applied to drivers' pay, pays the drivers, purchases their fuel, and coordinates Stelle's insurance. First Radosavljevic Dep. at 82:1–13, 111:7–15; Second Radosavljevic Dep. 97:2–7, 114:18–20, 115:19–20. For his part, Arandjelovic controls the truck dispatchers' policies and supervision; indeed, according to Radosavljevic, only Arandjelovic even knows how many dispatchers Stelle uses. First Radosavljevic Dep. at 55:10–18, 56:20–24; Second Radosavljevic Dep. at 201:3–15. The Plaintiffs also provide documentary evidence that both individuals use Stelle Corporation email accounts and signature blocks. R. 151-1, Pls.' Reply Br. Exh. A, Emails. And Arandjelovic is listed as the dispatch point-of-contact in Stelle's standard driver contract. R. 151-2, Pls.' Reply Br. Exh. B, Driver Contract at 23.

Stelle does not dispute any of these facts. *See generally* Defs.' Resp. Br. It argues instead that Stojicic and Arandjelovic are outside its control because they are independent contractors. *Id.* at 2, 4–5. But although "[c]ourts have generally found a company's 'managing agent' to be current employees with authority over day-to-day business decisions, … *not* every case involves an employee." *Peerless Indus., Inc. v. Crimson AV, LLC*, 2013 WL 85378, at *1 (N.D. Ill. Jan. 8, 2013) (emphasis added). "Just as it is clear that a deponent need not have a formal association with the corporation, and need not be associated with the corporation at the time of his deposition, to be deemed its managing agent, those characterized as independent contractors can also be managing agents for purposes of Rule 30." *Schindler Elevator Corp. v. Otis Elevator Co.*, 2007 WL 1771509, *3 (S.D.N.Y. June 18, 2007) (cleaned up). Indeed, the Advisory Committee Notes to Rule 30 also suggest that a managing agent need not be a corporation's employee. *See* Fed. R. Civ. P. 30(b)(6) advisory committee's note to 1970 amendment (describing how the rule reduces difficulties "determining, prior to the taking of a deposition, whether a particular employee *or agent* is a 'managing agent'" (emphasis added)).

In sum, the record shows that Stojicic and Arandjelovic have a high degree of control and power over Stelle's corporate affairs, and even represented themselves as part of Stelle Corporation. Given the claims at issue in this case—that is, Stelle underpaid the truck drivers—Stojicic and Arandjelovic know the specific information most relevant to this suit: what Stelle's dispatchers told the drivers about their pay and load revenues, the actual load revenues, and what drivers were paid. And it does

not appear that any other Stelle employee has more authority over or knowledge on the subject matter of this case; indeed, Radosavljevic repeatedly testified that he does not know the answer to questions about Stelle's finances and dispatch operations. *See, e.g.*, Second Radosavljevic Dep. at 20:17–19, 96:3–13, 114:18–20, 115:19–20, 201:3–15. The facts thus support the magistrate judge's conclusion that Stojicic and Arandjelovic were Stelle's managing agents.[3]

Because Stojicic and Arandjelovic are Stelle's managing agents, their refusal to attend a deposition is the same as if Stelle itself refused to be deposed. *See* Fed. R. Civ. P. 37(b)(2) (permitting courts to impose sanctions when "a party or a party's officer, director, or *managing agent* … fails to obey an order to provide … discovery" (emphasis added)). This is a serious violation of a court discovery order. Refusing to attend a deposition, despite a court order to do so, "cast[s] grave doubt" on Stelle's good faith. *See United States v. DeFrantz*, 708 F.2d 310, 312 (7th Cir. 1983).

What's more, this is far from the first time that Stelle has violated a discovery order in this case. Stelle says that it has complied in good faith with discovery orders. Defs.' Resp. Br. at 5–6, 12–14. But the record shows Stelle's repeated refusals to

[3]Stelle argues that because Stojicic and Arandjelovic work remotely from Serbia, they are outside the Court's territorial jurisdiction and must be subpoenaed through the Hague Convention. Defs.' Resp. Br. at 4–5. Not so. Because Stojicic and Arandjelovic are Stelle's managing agents, the Plaintiffs can compel their testimony under Civil Rule 30(b)(1). *See Inventus Power v. Shenzhen Ace Battery*, 339 F.R.D 487, 507–08 (N.D. Ill. 2021) (permitting the deposition of managing agents who live outside the United States under Rule 30(b)(1)); *see also Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 536–39 (1987) (describing how the Hague Convention supplements, rather than replaces, the usual channels to obtain evidence abroad).

produce documents, even after multiple requests from the Plaintiffs and numerous court orders. *See supra* Section I. At one point, Stelle asserted that it had produced all relevant documents because it had produced Radosavljevic's emails, and it was company policy to copy him on all emails. R. 84, Defs.' Resp. to Fourth Mot. at 5. Radosavljevic signed a declaration—under oath—attesting to this policy. R. 138-2, Pls.' Exh. B, Radosavljevic Decl. ¶¶ 4, 17. But then he later testified in his deposition that there had *never* been such a policy, and purportedly he did not understand the declaration when he signed it. First Radosavljevic Dep. at 17:5–7, 19:14–19, 20:13–15, 21:2–12. This set of circumstances shows that Stelle acted in bad faith by presenting inaccurate information to avoid its document-production obligations.

Stelle also committed misconduct during depositions. Plaintiffs' counsel has deposed Radosavljevic three times, and each time he has declined to answer numerous questions about Stelle's finances and operations. *See supra* Section I. And when the Plaintiffs tried to depose Stojicic and Arandjelovic, who apparently possess the knowledge that Radosavljevic lacks, they refused to appear. *See id.* Stelle has thus engaged in obvious gamesmanship to avoid its obligations under Rule 30: one witness disclaims knowledge of any relevant facts, and the witnesses with the supposed knowledge then refuse to appear. *See Buycks-Roberson v. Citibank Fed. Sav. Bank*, 162 F.R.D. 338, 343 (N.D. Ill. 1995) (describing how the defendant failed to satisfy Rule 30 "by producing a witness with only selected information to offer"); *Wachovia Secs., LLC v. NOLA, LLC*, 248 F.R.D. 544, 549–50 (N.D. Ill. 2008) (concluding that the defendant acted in bad faith by giving the court false assurances that it would

produce a Rule 30(b)(6) designee, "while all along [the designee] not only did not consent to the deposition, but refused to participate, which ultimately delayed [the] examination for more than a year").

The Court evaluates the Plaintiffs' motion for sanctions "not in isolation but in light of the entire procedural history of the case." *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 643 (7th Cir. 2011) (cleaned up). In other words, the Court "weigh[s] not only the straw that finally broke the camel's back, but all the straws that the recalcitrant party piled on over the course of the lawsuit." *Id.* Taking into consideration Stelle's discovery conduct over the course of this case, along with its latest refusal to produce Stojicic and Arandjelovic, the Court concludes that Stelle has acted in bad faith. *See id.* (affirming the district court's finding of bad faith where, among other things, the noncomplying party repeatedly failed to appear for depositions, the court had to order the party to comply with its discovery obligations multiple times, and the party failed to comply with the court's order); *Domanus v. Lewicki*, 742 F.3d 290, 302 (7th Cir. 2014) (finding a clear record of bad faith where the noncomplying party failed to sit for a deposition and conjured a false document to "trip up" the other party). Default is thus an appropriate sanction. *See* Fed. R. Civ. P. 37(b)(2)(A)(vi); *Hindmon v. Nat'l-Ben Franklin Life Ins. Corp.*, 677 F.2d 617, 620–22 (7th Cir. 1982).

Stelle argues that default is inappropriate because the Plaintiffs have not established that the missing depositions are "indispensable to proving their claims." Defs.' Resp. Br. at 7–8. In Stelle's view, the Plaintiffs have already deposed

Radosavljevic and received extensive documentary discovery, which is sufficient. *Id.* But Stelle cites no law that missing evidence must be "indispensable" to impose a sanction for discovery violations under Civil Rule 37. *See id.* Instead, Stelle relies on inapposite law about the standard for requesting additional discovery for summary judgment. *Id.* In any event, the Plaintiffs *do* show that the inability to depose Stojicic and Arandjelovic prejudices them. Radosavljevic declined to answer basic questions about Stelle's business and the documents produced in discovery. Second Radosavljevic Dep. at 20:17–19, 96:3–13, 114:18–20, 115:19–20, 201:3–15; Third Radosavljevic Dep. at 139:2–5, 140:3–10, 189:1–10. He then assigned the source of knowledge to Stojicic and Arandjelovic, who handled the finances and dispatch operations, respectively. First Radosavljevic Dep at 53:16–54:1, 55:10–18, 56:18–24, 69:12–24, 82:1–13, 109:13–24; Second Radosavljevic Dep at 20:17–19, 96:3–13, 114:18–20, 115:19–20, 201:3–15; Third Radosavljevic Dep. at 139:2–5, 140:3–10, 189:1–10. So the depositions of Stojicic and Arandjelovic are needed to obtain critical information about how truck drivers were paid, which is foundational to the Plaintiffs' case. *See* R. 151, Pls.' Reply Br. at 5–7.

Finally, Stelle argues that default is a disproportionate sanction and the Court should impose lesser alternative remedies. Defs.' Resp. Br. at 11, 14–15. For instance, Stelle contends that monetary sanctions or adverse inference instructions are more appropriate. *Id.* at 14. But here, lesser sanctions are insufficient to promote the interests of justice. The Court has already imposed numerous discovery orders, which Stelle has repeatedly violated. *See supra* Section I. And Stelle has disclaimed any

responsibility to produce Stojicic and Arandjelovic for depositions. *See generally* Defs.' Resp. Br. So there is no reason to think that a monetary sanction would change Stelle's behavior or compel Stojicic and Arandjelovic to appear. *See McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012) (holding that "judges do not abuse their discretion by declining to employ progressive discipline" and "need not" provide "a warning shot in the form of less severe sanctions" (cleaned up)).

Adverse inference instructions would certainly help the Plaintiffs establish Stelle's liability at summary judgment or trial. But it is not reasonable to require the Plaintiffs to invest an enormous amount of time and resources attempting to establish liability through adverse instructions when there is a much simpler option: deposing Stojicic and Arandjelovic. The Plaintiffs should not be punished for Stelle's refusal to comply with the magistrate judge's order.

The Court recognizes that default is a serious sanction that is reserved for the most extreme instances of discovery violations. *Long*, 213 F.3d at 986. Unfortunately, this is one of those cases. Stelle's repeated discovery violations, culminating in its refusal to produce two managing agents for deposition, constitute egregious conduct that violates its legal duties to the Plaintiffs and the Court. Stelle has been repeatedly sanctioned and ordered to comply with discovery orders, yet its behavior has not changed. 10/23/2024 Tr. at 4:5–11. Thus, the only appropriate sanction is default. Given this finding, the Plaintiffs are also entitled to attorney's fees for preparing the canceled depositions of Stojicic and Arandjelovic, as well as for litigating the motion for default.

## III. Conclusion

The motion for a sanction of default, R. 138, is granted. Default is entered against Stelle Corporation on the issue of liability. Stelle Corporation also shall pay the attorney's fees incurred by the Plaintiffs in preparing for the canceled depositions of Stojicic and Arandjelovic, as well as for litigating the motion for default.

Because this is a class action, the Plaintiffs must still move for class certification. *See Davis v. Hutchins*, 321 F.3d 641, 648–49 (7th Cir. 2003). If the class is certified, then the parties will litigate class damages. *See id.*; Fed. R. Civ. P. 55(b)(2). The parties shall confer and file a joint status report proposing the schedule going forward.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 2, 2026